# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> FORTINET, INC., <br><br> Defendant. | Case No. 2:23-cv-206 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST FORTINET, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Lionra Technologies Limited ("Plaintiff" or "Lionra") makes the following allegations against Defendant Fortinet, Inc. ("Defendant" or "Fortinet"):

## INTRODUCTION

1. This complaint arises from Fortinet's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in secure computing systems: United States Patent Nos. 9,264,441 ("the '441 Patent") and 7,623,518 ("the '518 Patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Lionra Technologies Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Lionra is the sole owner by

assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Fortinet, Inc. is a is a Delaware corporation with its principal place of business at 899 Kifer Road, Sunnyvale California 94086. Defendant may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant is registered to do business in the State of Texas and has been since at least November 24, 2009.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Fortinet in this action because Fortinet has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Fortinet would not offend traditional notions of fair play and substantial justice. Fortinet maintains a place of business within the State, including at 6111 W. Plano Parkway, Plano, Texas 75093. Fortinet, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents. Fortinet is registered to do business in the State of Texas, and has appointed as their registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Fortinet is registered to do business in Texas, and upon information and belief, Fortinet has transacted

business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Fortinet has regular and established places of business in this District, including at 6111 W. Plano Parkway, Plano, Texas 75093.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,264,441

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,264,441, titled "System and method for securing a network from zero-day vulnerability exploits." The '441 Patent was duly and legally issued by the United States Patent and Trademark Office on February 16, 2016. The '441 Patent is valid and enforceable. A true and correct copy of the '441 Patent is attached hereto as Exhibit 1.

9. Fortinet makes, uses, offers for sale, sells, and/or imports certain products, including without limitation FortiSandbox 500F, FortiSandbox 1000F/-DC, FortiSandbox 2000E, FortiSandbox 3000F, and FortiSandbox Cloud running FortiSandbox 3.0, 4.0, and 4.2 behavior analysis system (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '441 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '441 Patent. A claim chart comparing exemplary independent claim 11 of the '441 Patent to representative Accused Products is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Fortinet has injured Plaintiff and is liable for infringement of the '441 Patent pursuant to 35 U.S.C. § 271(a).

12. Fortinet also knowingly and intentionally induces infringement of one or more claims of the '441 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Fortinet has knowledge of the '441 Patent and the infringing nature of the Accused Products through, for example, the '441 Patent claim chart served therewith. Despite this knowledge of the '441 Patent, Fortinet continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '441 Patent. For example, Fortinet advertises the FortiSandbox performance and security monitoring functionality:



*See* Ex. 3 https://www.fortinet.com/content/dam/fortinet/assets/data-sheets/FortiSandbox.pdf. Further, Fortinet provides its users with instructions explaining how to configure and manage FortiSandbox system. *See* Ex. 4 https://docs.fortinet.com/document/fortisandbox/4.2.4/administration-

guide/523699/introduction#Introduction](guide/523699/introduction#Introduction).  Fortinet provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Fortinet also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '441 Patent, thereby specifically intending for and inducing its customers to infringe the '441 Patent through the customers' normal and customary use of the Accused Products.

13. Fortinet has also infringed, and continues to infringe, one or more claims of the '441 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '441 Patent, are especially made or adapted to infringe the '441 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  At least as of the filing and service of this complaint, Fortinet has knowledge of the '441 Patent and the infringing nature of the Accused Products through, for example, the '441 Patent claim chart served therewith.  Fortinet has been, and currently is, contributorily infringing the '441 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, Fortinet's FortiSandbox security solutions constitute a material part of the inventions claimed in the '441 Patent, are especially made or adapted to infringe the '441 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

14. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '441 Patent during the relevant time period or were not required to mark during the relevant time period.

15. As a result of Fortinet's direct infringement of the '441 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Fortinet's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fortinet, together with interest and costs as fixed by the Court.

16. As a result of Fortinet's indirect infringement of the '441 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Fortinet's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fortinet, together with interest and costs as fixed by the Court, accruing as of the time Fortinet obtained knowledge of the '441 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,623,518

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,623,518, titled "Dynamic access control lists." The '518 Patent was duly and legally issued by the United States Patent and Trademark Office on November 24, 2009. The '518 Patent is valid and enforceable. A true and correct copy of the '518 Patent is attached hereto as Exhibit 5.

19. Fortinet makes, uses, offers for sale, sells, and/or imports certain products, including without limitation FortiNAC 500C, 550C, 600C, 700C and FortiNAC Virtual Machine running FortiNAC in combination with FortiSwitch devices (*e.g.*, 200, 400, and 500 Series, 1024D, 1024E, T1024E 1048D, 1048E, and 3032D, 3032E) (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '518

Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

20. The Accused Products satisfy all claim limitations of one or more claims of the '518 Patent. A claim chart comparing exemplary independent claim 15 of the '518 Patent to representative Accused Products is attached as Exhibit 6.

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Fortinet has injured Plaintiff and is liable for infringement of the '518 Patent pursuant to 35 U.S.C. § 271(a).

22. Fortinet also knowingly and intentionally induces infringement of one or more claims of the '518 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Fortinet has knowledge of the '518 Patent and the infringing nature of the Accused Products through, for example, the '518 Patent claim chart served therewith. Despite this knowledge of the '518 Patent, Fortinet continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 6) to use the Accused Products in ways that directly infringe the '518 Patent. For example, Fortinet advertises the enhanced security features provided by its dynamic network control:

> **Dynamic Network Control**
>
> Once the devices are classified and the users are known, FortiNAC enables detailed segmentation of the network to enable devices and users access to necessary resources while blocking non-authorized access. FortiNAC uses dynamic role-based network access control to logically create network segments by grouping applications and like data together to limit access to a specific group of users and/or devices. In this manner, if a device is compromised, its ability to travel in the network and attack other assets will be limited. FortiNAC helps to protect critical data and sensitive assets while ensuring compliance with internal, industry, and government regulations and mandates.
>
> Ensuring the integrity of devices before they connect to the network minimizes risk and the possible spread of malware. FortiNAC validates a device's configuration as it attempts to join the network. If the configuration is found to be non-compliant, the device can be handled appropriately such as by an isolated or limited access VLAN that has no access to corporate resources.

*See* Ex. 7 (https://www.fortinet.com/content/dam/fortinet/assets/data-sheets/fortinac.pdf). In addition, Fortinet provides users with instructions on how to configure FortiSwitch devices to be managed by FortiNAC. *See* Ex. 8 (https://fortinetweb.s3.amazonaws.com/docs.fortinet.com/v2/attachments/898b825e-dd20-11ec-bb32-fa163e15d75b/FortiNAC_FortiSwitch_Integration_Guide_v94.pdf). Fortinet provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Fortinet also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its

knowledge of the '518 Patent, thereby specifically intending for and inducing its customers to infringe the '518 Patent through the customers' normal and customary use of the Accused Products.

23. Fortinet has also infringed, and continues to infringe, one or more claims of the '518 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '518 Patent, are especially made or adapted to infringe the '518 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Fortinet has knowledge of the '518 Patent and the infringing nature of the Accused Products through, for example, the '518 Patent claim chart served therewith. Fortinet has been, and currently is, contributorily infringing the '518 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, Fortinet's FortiNAC 500C, 550C, 600C, 700C and FortiNAC Virtual Machine running FortiNAC and/or FortiSwitch devices (*e.g.*, 200, 400, and 500 Series, 1024D, 1024E, T1024E 1048D, 1048E, and 3032D, 3032E) constitute a material part of the inventions claimed in the '518 Patent, are especially made or adapted to infringe the '518 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 6.

24. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '518 Patent during the relevant time period or were not required to mark during the relevant time period.

25. As a result of Fortinet's direct infringement of the '518 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for

Fortinet's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fortinet, together with interest and costs as fixed by the Court.

26. As a result of Fortinet's indirect infringement of the '518 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Fortinet's infringement, but in no event less than a reasonable royalty for the use made of the invention by Fortinet, together with interest and costs as fixed by the Court, accruing as of the time Fortinet obtained knowledge of the '518 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Fortinet has infringed, either literally and/or under the doctrine of equivalents, the '441 and '518 Patents;

b. A judgment and order requiring Fortinet to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Fortinet's infringement of the '441 and '518 Patents;

c. A judgment and order requiring Fortinet to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d. A judgment and order requiring Fortinet to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Fortinet; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 9, 2023

Respectfully submitted,

*/s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
Jonathan Yim (NY SBN 5324967)
jyim@bc-lawgroup.com

BC LAW GROUP, P.C.
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Lionra Technologies Limited***