# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FORTINET, INC.,<br><br>　　　　　　Defendant. | Case No. 2:23-cv-00206-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND DEFENSES OF FORTINET, INC. TO
## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Defendant Fortinet, Inc. ("Fortinet"), by and through its undersigned counsel, and hereby submits its Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Lionra Technologies Limited ("Plaintiff").

## INTRODUCTION

1. Fortinet admits that the Complaint purports to state a claim for patent infringement. The remaining allegations of paragraph 1 of the Complaint are legal conclusions to which no response is required, and are therefore denied. Fortinet specifically denies that it has infringed any of the patents asserted in the Complaint.

## PARTIES

2. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. Fortinet admits that it is a Delaware corporation, that its principal place of business is in Sunnyvale, California, that it has a registered agent as identified in this paragraph, and that it is registered to do business in the state of Texas.

## JURISDICTION AND VENUE

4.  Fortinet admits that Plaintiff has brought suit under the patent laws of the United States, Title 35 of the United States Code, but Fortinet denies that it has infringed any of the patents asserted in the Complaint and further denies that Plaintiff is entitled to any relief.  Fortinet admits that this Court has subject matter jurisdiction.

5.  For purposes of this case only, Fortinet does not deny that it is subject to specific jurisdiction in this District.  Fortinet admits that it has an office at 6111 W. Plano Parkway, Plano, Texas 75093, that it is registered to do business in Texas, and that it has a registered agent as identified in paragraph 5 of the Complaint. Fortinet otherwise denies the allegations in paragraph 5 of the Complaint.

6.  For purposes of this case only, Fortinet does not challenge venue in this District, but states that the U.S. District Court for the Northern District of California is a clearly more convenient forum in which to litigate Plaintiff's claims.  Fortinet denies that it infringes any of the patents asserted in the Complaint.  All other allegations of paragraph 6 of the Complaint are denied.

## COUNT I
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,264,441

7.  No response is required to Plaintiff's reference and incorporation of paragraphs 1-6 of the Complaint.  To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs.

8.  Fortinet admits that the face of the '441 Patent states that it is entitled "System and method for securing a network from zero-day vulnerability exploits" and bears an issue date of February 16, 2016.  Fortinet further admits that what purports to be a copy of the '441 Patent is attached to the Complaint as Exhibit 1.  Fortinet denies the remaining allegations of paragraph 8 of the Complaint.

9. Fortinet denies that it infringes the '441 Patent and denies the allegations of paragraph 9 of the Complaint.

10. Fortinet admits that what purports to be a claim chart relating to claim 11 of the '441 Patent is attached to the Complaint as Exhibit 2.  Fortinet denies that it infringes the '441 Patent and denies the allegations of paragraph 10 of the Complaint

11. Fortinet denies that it infringes the '441 Patent and denies the allegations of paragraph 11 of the Complaint.

12. Fortinet admits that paragraph 12 of the Complaint purports to include screengrabs, links, and references to FortiSandbox documentation.  To the extent the allegations of paragraph 12 of the Complaint purport to characterize the contents of these written documents, the documents speak for themselves.  Fortinet denies that it infringes the '441 Patent and denies the remaining allegations of paragraph 12 of the Complaint.

13. Fortinet denies that it infringes the '441 Patent and denies the allegations of paragraph 13 of the Complaint.

14. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore, denies them.

15. Fortinet denies that it infringes the '441 Patent, denies that Plaintiff is entitled to any relief sought from Fortinet, and denies any remaining allegations of paragraph 15 of the Complaint.

16. Fortinet denies that it infringes the '441 Patent, denies that Plaintiff is entitled to any relief sought from Fortinet, and denies any remaining allegations of paragraph 16 of the Complaint.

## COUNT II
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,623,518

17. No response is required to Plaintiff's reference and incorporation of paragraphs 1-16 of the Complaint. To the extent a response is deemed required, Fortinet repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs.

18. Fortinet admits that the face of the '518 Patent states that it is titled "Dynamic access control lists" and bears an issue date of November 24, 2009. Fortinet further admits that what purports to be a copy of the '518 Patent is attached to the Complaint as Exhibit 5. Fortinet denies the remaining allegations of paragraph 18 of the Complaint.

19. Fortinet denies that it infringes the '518 Patent and denies the allegations of paragraph 19 of the Complaint.

20. Fortinet admits that what purports to be a claim chart relating to claim 15 of the '518 Patent is attached to the Complaint as Exhibit 6. Fortinet denies that it infringes the '518 Patent and denies the allegations of paragraph 20 of the Complaint.

21. Fortinet denies that it infringes the '518 Patent and denies the allegations of paragraph 21 of the Complaint.

22. Fortinet admits that paragraph 22 of the Complaint purports to include screengrabs, links, and references to FortiNAC documentation. To the extent the allegations of paragraph 22 of the Complaint purport to characterize the contents of these written documents, the documents speak for themselves. Fortinet denies that it infringes the '518 Patent and denies the allegations of paragraph 22 of the Complaint.

23. Fortinet denies that it infringes the '518 Patent and denies the allegations of paragraph 23 of the Complaint.

24. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore, denies them.

25. Fortinet denies that it infringes the '518 Patent, denies that Plaintiff is entitled to any relief sought from Fortinet, and denies any remaining allegations of paragraph 25 of the Complaint.

26. Fortinet denies that it infringes the '518 Patent, denies that Plaintiff is entitled to any relief sought from Fortinet, and denies any remaining allegations of paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

Fortinet denies all other allegations of the Complaint not otherwise specifically admitted herein.  Fortinet similarly denies that Plaintiff is entitled to any relief against Fortinet.

## JURY DEMAND

Fortinet admits that Plaintiff requests a trial by jury.  Fortinet similarly requests a trial by jury.

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without conceding that any of the following defenses must necessarily be plead, or that any such defenses are not already at issue by virtue of the foregoing denials, Fortinet asserts the following defenses.  Fortinet undertakes the burden of proof only as to those defenses deemed affirmative defenses by law.  In addition to the defenses described below, Fortinet reserves the right to amend this Answer and Defenses as additional information is obtained.

### First Defense – Invalidity/Ineligibility

All of the claims of the Asserted Patents are invalid, unenforceable, or ineligible for patenting pursuant to one or more of the provisions of Title 35 of the United States Code, including,

but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements).

### Second Defense - Equitable Defense

Plaintiff's claims for relief are barred, in whole or in part, by the principles of equity, including without limitation, by acquiescence and/or estoppel.

### Third Defense - Limitation On Damages and Costs

Plaintiff's claims for damages are limited or barred, in whole or in part, to the extent any of the claims are subject to the statutory limitations on damages and/or costs set forth in 35 U.S.C. §§ 286, 287 and/or 288.

### Fourth Defense – Failure to Mark or Provide Notice

Plaintiff's claims for damages are barred and/or limited, in whole or in part, to the extent Plaintiff, its predecessors-in-interest, and/or its licensees failed to give notice of any products that purport to practice the patents-in-suit by marking such products or otherwise notifying Fortinet of the alleged infringement as required by 35 U.S.C. § 287.

### Fifth Defense – License

Plaintiff's claims are limited to the extent any of the claims are subject to a license and covenant not to sue, express and/or implied. For example, Fortinet relies on numerous component part suppliers and could be licensed to the extent any of those suppliers are themselves licensed.

### Sixth Defense – Ensnarement

Plaintiff cannot allege that the claims of the patents-in-suit are broad enough that an accused product or act would be found to infringe under the doctrine of equivalents because such a construction would ensnare the prior art, rendering the claims invalid in view of the prior art.

### Seventh Defense - Government Contractor

To the extent that the Complaint accuses products or services that are provided by or for the government of the United States of America, there is no jurisdiction over such claims, pursuant to 28 U.S.C. § 1498(a), outside of the U.S. Court of Federal Claims.

### **Reservation of Rights**

Fortinet is presently investigating the facts relating to the procurement of the Asserted Patents and the assertions of infringement against Fortinet and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Fortinet reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, Fortinet reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery and further factual investigation in this case.

WHEREFORE, Fortinet requests that the Court enter judgment in its favor and against Plaintiff as follows:

   a)   Adjudging and declaring that Fortinet has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any claim of any of the '441 Patent or the '518 Patent, either literally or under the doctrine of equivalents, directly or indirectly, or in any other way;

   b)   Adjudging and declaring that the claims of the '441 Patent and the '518 Patent are invalid;

   c)   Dismissing Plaintiff's Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Fortinet;

   d)   Declaring this case exceptional under 35 U.S.C. § 285, and awarding Fortinet its costs and reasonable attorneys' fees in asserting counterclaims and defending this action; and

e) Granting Fortinet such other and further relief as the Court may deem necessary, just, or proper.

Dated: July 20, 2023                                       Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew C. Gaudet
mcgaudet@duanemorris.com
David C. Dotson
dcdotson@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree NE, Suite 1700
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Brianna M. Vinci
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1198
Facsimile: 215.754.4983

*Counsel for Defendant Fortinet, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on July 20, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Melissa R. Smith*
Melissa R. Smith