IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>FORTINET, INC. | CASE NO. 2:23-cv-00206-JRG<br>(Lead Case) |
| LIONRA TECHNOLOGIES LIMITED<br><br>v.<br><br>CISCO SYSTEMS, INC. | CASE NO. 2:23-cv-00207-JRG<br>(Member Case) |

**DEFENDANT CISCO SYSTEMS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF LIONRA TECHNOLOGIES LIMITED'S AMENDED COMPLAINT**

Defendant Cisco Systems, Inc. ("Defendant" or "Cisco"), by and through its attorneys, hereby answers the Amended Complaint filed by Plaintiff Lionra Technologies Limited ("Plaintiff" or "Lionra"), as follows. Anything in the Amended Complaint that is not expressly admitted is hereby denied.

The headings and subheadings in Cisco's Answer are used solely for purposes of convenience and organization to mirror those appearing in the Amended Complaint; to the extent that any headings or other non-numbered statements in the Amended Complaint contain or imply any allegations, Cisco denies each and every allegation therein.

**ANSWER TO THE AMENDED COMPLAINT**

**Response to "INTRODUCTION"**

1. Cisco denies each and every allegation contained in paragraph 1.

**Response to "PARTIES"**

2.   Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies each and every allegation.

3.   Cisco admits that its principal place of business is at 170 West Tasman Drive, San Jose, California 95134.  To the extent paragraph 3 alleges legal conclusions, no response is required.  Otherwise, Cisco denies all remaining allegations in paragraph 3.

**Response to "JURISDICTION AND VENUE"**

4.   Cisco admits that the Amended Complaint was filed as a patent infringement suit under Title 35 of the United States Code but denies that there are factual or legal bases for Lionra's claims.  To the extent paragraph 4 alleges legal conclusions, no response is required.  To the extent an answer is required, Cisco denies all remaining allegations in paragraph 4.

5.   Cisco admits that it has a business address at 2250 East President George Bush Turnpike, Richardson, TX 75082.  Cisco denies that it commits any "acts of infringement" related to the '518 patent (the "Asserted Patent").  To the extent paragraph 5 alleges legal conclusions, no response is required.  To the extent an answer is required, Cisco denies all remaining allegations in paragraph 5.

6.   Cisco admits that it has a business address at 2250 East President George Bush Turnpike, Richardson, TX 75082.  Cisco denies that it commits any "acts of direct and indirect infringement" related to the Asserted Patent.  To the extent paragraph 6 alleges legal conclusions, no response is required.  To the extent an answer is required, Cisco denies all remaining allegations in paragraph 6.

**Response to "COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,623,518"**

7.   Cisco repeats and re-alleges the responses set forth in the preceding paragraphs as though set forth herein.

8.  Cisco admits that Exhibit 1 appears to be a copy of the '518 patent, which appears to be titled "Dynamic access control lists." Cisco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and on that basis denies all remaining allegations.

9.  Cisco denies each and every allegation contained in paragraph 9.

10. Cisco denies each and every allegation contained in paragraph 10.

11. Cisco denies each and every allegation contained in paragraph 11.

12. Cisco denies each and every allegation contained in paragraph 12.

13. Cisco denies each and every allegation contained in paragraph 13.

14. Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis denies all allegations in paragraph 14.

15. Cisco denies each and every allegation contained in paragraph 15.

16. Cisco denies each and every allegation contained in paragraph 16.

### Response to "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief, and to the extent that such prayer contains factual allegations relating to Cisco, such allegations are denied. Plaintiff's prayer for relief should be denied, with prejudice, in its entirety.

### Response to "DEMAND FOR JURY TRIAL"

No response is required to Plaintiff's demand for a trial by jury in this case. Defendant also demands a trial by jury on all issues so triable.

\* \* \*

### AFFIRMATIVE AND OTHER DEFENSES

17. Further answering the Amended Complaint and as additional defenses thereto, Cisco asserts the following affirmative and other defenses. Cisco does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. Cisco reserves the right to add additional defenses and/or supplement its defenses, including (but not limited to) those related to the unenforceability of the Asserted Patent based on inequitable conduct, as Defendant learns additional facts.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

18. The Amended Complaint, and one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE: NON-INFRINGEMENT

19. Cisco does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the Asserted Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

### THIRD DEFENSE: INVALIDITY AND INELIGIBILITY

20. Each and every claim of the Asserted Patent is invalid and/or ineligible for failure to meet the conditions and requirements for patentability set forth, *inter alia*, in 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

21. By virtue of statements, amendments made, and/or positions taken during prosecution of the application for the Asserted Patent and/or related patents or patent applications, whether explicit or implicit, Plaintiff is barred from claiming that the Asserted Patent covers or include, either literally or by application of the doctrine of equivalents, any of Cisco's methods, products, systems, services, or processes. To the extent that Plaintiff's alleged cause of action for

infringement of the Asserted Patent is based on the doctrine of equivalents, Plaintiff is barred under the doctrine of prosecution history estoppel and/or other limits to allegations of infringement.

## FIFTH DEFENSE:  FAILURE TO MARK

22. To the extent Plaintiff has failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff is barred from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to Cisco.

## SIXTH DEFENSE:  LIMITATION ON DAMAGES

23. Pursuant to 35 U.S.C. § 286, Plaintiff is barred from recovering any damages for acts that occurred more than six years before it filed the Amended Complaint in this action.

## SEVENTH DEFENSE:  NO EXCEPTIONAL CASE

24. Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Cisco under 35 U.S.C. § 285 or otherwise.

## EIGHTH DEFENSE:  LICENSE, EXHAUSTION, WAIVER, AND ESTOPPEL

25. Plaintiff's claims are barred, in whole or in part, by license, exhaustion, and/or the doctrines of waiver and/or equitable estoppel.

## NINTH DEFENSE: UNCLEAN HANDS

26. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## PRAYER FOR RELIEF

Cisco respectfully requests that this Court enter judgment in its favor against Plaintiff and grant the following relief:

A. A judgment dismissing Plaintiff's Amended Complaint against Cisco in its entirety with prejudice;

B. An Order declaring that Plaintiff take nothing on the claims asserted in the Amended Complaint;

 C. A Declaration that Cisco has not infringed any valid claim of the Asserted Patent and is not liable on Count 1;

 D. That all costs be taxed against Plaintiff;

 E. A finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Cisco its reasonable attorneys' fees, expenses, and costs incurred in connection with this action;

 F. An award to Cisco of its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

 G. Any such other relief in favor of Cisco and against Plaintiff as the Court may deem appropriate and just under the circumstances.

Dated: January 30, 2024      By    */s/ Emily M. Whitcher*

        Brian A. Rosenthal (lead attorney)
        brosenthal@gibsondunn.com
        Katherine Dominguez
        kdominguez@gibsondunn.com
        Vivian Lu
        vlu@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        200 Park Avenue
        New York, NY 10166-0193
        Telephone:  212.351.4000
        Facsimile:  212.351.4035

        Emily M. Whitcher
        ewhitcher@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        3161 Michelson Drive Suite 1200
        Irvine, CA 92612-4412
        Telephone: 949.451.3800
        Facsimile: 949.451.4220

        Stuart M. Rosenberg
        srosenberg@gibsondunn.com
        Katherine M. Worden
        ewhitcher@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        One Embarcadero Center Suite 2600
        San Francisco, CA 94111-3715
        Telephone: 650.849.5300
        Facsimile: 650.849.5333

        Albert Suarez IV
        asuarez@gibsondunn.com
        Texas State Bar No. 24113094
        **GIBSON, DUNN & CRUTCHER LLP**
        2001 Ross Avenue, Suite 2100
        Dallas, TX 75201-6912
        Telephone:  214.698.3360
        Facsimile:  214.571.2907

        Melissa R. Smith
        melissa@gillamsmithlaw.com
        Texas State Bar No. 24001351
        **GILLAM & SMITH, LLP**
        303 South Washington Avenue

Marshall, Texas 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

*Attorneys for Defendant Cisco Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2024, the foregoing was electronically filed in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Melissa R. Smith* _____
