NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LIONRA TECHNOLOGIES LTD.,**
*Plaintiff-Appellant*

**v.**

**CISCO SYSTEMS, INC.,**
*Defendant-Appellee*

---

2024-2153

---

Appeal from the United States District Court for the Eastern District of Texas in Nos. 2:23-cv-00206-JRG, 2:23-cv-00207-JRG, Judge J. Rodney Gilstrap.

---

Decided: January 21, 2026

---

JONATHAN RANDY YIM, BC Law Group, PC, New York, NY, argued for plaintiff-appellant. Also represented by BRETT E. COOPER; ROBERT AUCHTER, Auchter PLLC, Washington, DC.

MARK CHRISTOPHER FLEMING, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for defendant-appellee. Also represented by JEFFREY SOLLER; HEATH BROOKS, Washington, DC; BRIAN ROSENTHAL, Gibson, Dunn & Crutcher LLP, New York, NY.

---

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Lionra Technologies Ltd. ("Lionra") appeals from the parties' stipulated final judgment of noninfringement. J.A. 1–6. For the following reasons, we affirm the district court's judgment.

## BACKGROUND

### I

On June 30, 2022, Lionra entered into a patent license agreement with RPX Corporation ("the Agreement"). J.A. 2 ¶ 2, 672–712. The Agreement is governed by Delaware law. J.A. 683. It provides an "exclusive and irrevocable right of RPX to grant to each Initial Licensee: (i) sublicenses under the Patent License, as well as (ii) an irrevocable, unconditional release from all Claims relating to any Patent including those for damages for past, present and future infringement of the Patents." J.A. 676. For the purposes of this appeal, the parties stipulated that "Intel Corporation [('Intel')] is an enumerated 'Initial Licensee,'" J.A. 3 ¶ 8, and each of the accused products includes an Intel processor, J.A. 1 ¶ 1.

### II

Relevant to this appeal are two lawsuits between Lionra and Cisco Systems, Inc. ("Cisco")—*Lionra Technologies Ltd. v. Fortinet, Inc.*, No. 2:22-cv-0322 (E.D. Tex.) ("*Lionra I*"), and the current case being appealed.

In *Lionra I*, the magistrate judge recommended granting Cisco's motion for summary judgment as to its license defense, concluding that the Agreement extinguished Lionra's infringement claims against Cisco. *Lionra I*, 2024 WL 2178751 (E.D. Tex. Apr. 24, 2024). The magistrate judge held that certain Cisco products are "Licensed

Product[s] and Service[s]" and "Combined Licensed Product[s] and Service[s]" under the Agreement, and Lionra was barred from asserting a theory of infringement under the covenant-not-to-sue provision. *Id.* at *4–6. The district court judge ultimately adopted the magistrate judge's report and recommendation and entered judgment of noninfringement. *Lionra I*, 2024 WL 2154735 (E.D. Tex. May 13, 2024). Lionra did not appeal that judgment.

Lionra filed a second lawsuit against Cisco, which this appeal arises from, asserting patents different from the one in *Lionra I*. The second lawsuit was filed before the magistrate judge's report and recommendation issued in *Lionra I*.

Relevant to this appeal is representative claim 15 of U.S. Patent No. 7,623,518 ("the '518 patent"), which states in relevant part:

> A network switching circuit, comprising:
>
> . . .
>
> *a processor* coupled to the forwarding circuit and to the memory circuit, *the processor operable* to define the specific packets detected by the forwarding circuit and operable to process the specific packets stored in the memory circuit using the enhanced access control list to generate the dynamic access control list and store the dynamic access control list in the memory circuit, and further operable to provide the specific packets to the processor port of the forwarding circuit after processing the packets.

'518 patent claim 15 (emphasis added).

As a result of the Agreement and the district court's decision in *Lionra I*, the parties stipulated to noninfringement of the '518 patent. J.A. 1–6; *see also* J.A. 5 ¶ 16 ("The parties stipulate that the [district court's] reasoning in *Lionra I* applies equally to the [a]sserted [c]laims and

[a]ccused [p]roducts in this case."). The district court entered the stipulated final judgment. J.A. 6.

Lionra timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

This appeal is about contract interpretation. "We review the construction of a license agreement without deference and interpret the licensing agreement under the law governing the agreement, here [Delaware] law." *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1341 (Fed. Cir. 2001). "Contract interpretation is a question of law." *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1345 (Fed. Cir. 2020) (applying Delaware law).

The only issue for us to decide is whether the Agreement barred Lionra's allegations against Cisco. On appeal, Lionra argues that the Intel processors used in the accused products do not satisfy an "element" under the Agreement because the asserted claims require that the processor be "operable" to perform multiple functions and the Intel processors alone do not perform those functions. We disagree.

The accused products are licensed under the Agreement. The Agreement defines "Licensed Product and Service" to include any product "of an RPX Licensee [e.g., Intel] . . . alone or in combination with other products, software, technology, materials and services, the . . . use . . . of which would result in infringement . . . of one or more Patents . . . . Licensed Product and Service will include any Combined Licensed Product and Service." J.A. 673–74. "Combined Licensed Product and Service" is defined to include, in relevant part, "any past, present or future combination or use," including by a "Covered Third Party [i.e., Cisco], of a Licensed Product and Service with any other product [or] technology" if "a portion of such Licensed Product and Service provided by or on behalf of the RPX Licensee or any RPX Licensee Affiliate *satisfies (or is alleged by*

*Licensor* [*i.e., Lionra*] *or its Affiliates to satisfy), one or more material elements or steps of a claim in any Patent*." J.A. 672 (emphasis added). The Agreement also includes a covenant-not-to-sue provision which states that "neither Licensor [i.e., Lionra] nor any of its Affiliates will Assert or allege that any product, software, technology, material and/or service of any RPX Licensee or any RPX Licensee Affiliate *satisfies an element or step of a claim in any Patent against any Entity*." J.A. 679 (emphasis added).

The parties stipulated that "[e]ach of the [a]ccused [p]roducts includes a processor made by Intel." J.A. 1 ¶ 1. And each of the asserted claims requires a "processor." The parties stipulated that "[f]or all [a]ccused [p]roducts, Lionra's only infringement accusation for this limitation is that an Intel [p]rocessor is alleged to satisfy the claimed 'processor' limitation." J.A. 4–5 ¶¶ 9–12. Thus, the accused products are "Combined Licensed Product[s] and Service[s]" because the use of Intel processors in the accused products "satisfies (*or is alleged by* [*Lionra*] *or its Affiliates to satisfy*), one or more material *elements* or steps of a claim in any Patent." J.A. 672 (emphasis added). Additionally, under the covenant-not-to-sue provision, Lionra cannot "Assert any Patent . . . against *any Covered Third Party* with respect to any Licensed Product and Service or Combined Licensed Product and Service." J.A. 679 (emphasis added). The parties stipulated that Cisco is a "Covered Third Party." J.A. 3 ¶ 8. Accordingly, the accused products are covered by the Agreement.

Lionra's argument that the asserted claims' requirement of a "processor," and in particular the use of Intel processors in the accused products, does not satisfy an "element" under the Agreement is unpersuasive. The plain language of the Agreement does not support Lionra's interpretation. The Agreement does not require, as Lionra suggests, that the processor must be operable to perform a number of specific functions set forth in the asserted claims to meet the "element" requirement of the Agreement. That

would be a skewed reading of the Agreement. Thus, because (1) the accused products contain Intel processors, (2) all asserted claims undisputedly require "a processor," and (3) Lionra alleges that the Intel processors satisfy the claimed processor element, we conclude that Lionra's allegations against Cisco are barred by the Agreement.

## CONCLUSION

We have considered Lionra's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED**